UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT HENRY CHIPMAN,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES,<br><br>Defendant. | Case No. 3:23-cv-05807-TMC<br><br>ORDER DENYING MOTION TO SUBSTITUTE AND STRIKING TRIAL DATE |

Before the Court is Laura Jean Chipman's motion to substitute for her son, Plaintiff Robert Henry Chipman, who passed away while this lawsuit was pending. Dkt. 20; *See* Dkt. 17.

On March 13, 2024, the Court granted Defendant Washington State Department of Social and Health Services' ("DSHS") motion to dismiss but granted Mr. Chipman leave to file an amended complaint to cure the deficiencies identified in the order by April 10, 2024. Dkt. 16 at 3. On March 26, 2024, the family of Plaintiff Robert Henry Chipman mailed documents to the undersigned judge, including a death certificate, informing the Court that Mr. Chipman had passed away. Dkt. 17-1.

On March 28, 2024, the Court found that Mr. Chipman's Section 1983 claims were not extinguished by his death and that Mr. Chipman's family's notice to the Court triggered a 90-day

ORDER DENYING MOTION TO SUBSTITUTE AND STRIKING TRIAL DATE - 1

period during which "proper" parties could move to substitute themselves for him in this case under Federal Rule of Civil Procedure 25.[1] *See* Dkt. 17 at 1–2. On June 12, 2024, within the 90-day period, Mr. Chipman's mother, Laura Jean Chipman, moved to substitute herself for Mr. Chipman. Dkt. 20.[2] The motion was noted for June 12, 2024, and DSHS did not file an opposition.

"In deciding a motion to substitute under Rule 25(a)(1), a court must consider whether: (1) the motion is timely; (2) the claims pled are extinguished; and (3) the person being substituted is a proper party." *Stetson v. Wash. State Dep't of Corr.*, NO. C15-5524 BHS-KLS, 2016 U.S. Dist. LEXIS 145739, at *2–3 (W.D. Wash. Oct. 20, 2016) (citing Fed. R. Civ. P. 25(a)(1)). If a party is substituted, they "step[] into the same position as original party." *Hilao v. Est. of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996).

First, Ms. Chipman filed the motion within the timeframe allowed by the Court, based on Rule 25, and the Court previously held that Mr. Chipman's claims are not extinguished. The remaining question, then, is whether Ms. Chipman is a proper party under Rule 25.

While Rule 25 does not define who can be a "successor or representative" qualified to be substituted for a deceased plaintiff, courts have found a legal representative, "e.g., an executor of

---

[1] Rule 25 reads:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

[2] The Court construes Ms. Chipman's filing, which is made on a form for motions to substitute attorneys, as a motion to substitute as a "proper party" pursuant to Rule 25 since Ms. Chipman has appeared in this case pro se. *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints.").

ORDER DENYING MOTION TO SUBSTITUTE AND STRIKING TRIAL DATE - 2

the deceased's will or an administrator of his or her estate," *Wilkins v. Joksch*, No. 2:18-CV-2518-MCE-DMC-P, 2024 WL 246431, at *1 (E.D. Cal. Jan. 23, 2024) (citing *Mallonee v. Fahey*, 200 F.2d 918, 919–920, & n.3 (9th Cir. 1952)), and that "a person may be a 'successor' under Rule 25(a)(1) if she is (1) the primary beneficiary of an already distributed estate (2) named in a will as the executor of the decedent's estate, even if the will is not probated, or (3) the primary beneficiary of an unprobated intestate estate which need not be probated." *Torres v. Bayer Corp. (In re Baycol Prods. Litig.)*, 616 F.3d 778, 788 (8th Cir. 2010) (internal citations omitted) (collecting cases). "Rule 25(a)(1) should be applied liberally and flexibly to permit substitution of the party or parties who, as plaintiffs, would adequately represent [the decedent's] interests." *Id.* at 789 (citing *Sinito v. U.S. Dep't of Justice*, 176 F.3d 512, 516 (D.C. Cir. 1999)). Movants seeking substitution under Rule 25 must provide *evidence* that they are a "proper party." *See Veliz v. Cintas Corp.*, No. 03-1180, 2008 WL 2811171, at *1 (N.D. Cal. 2008) (granting motion to substitute where the movant "submitted a declaration supporting substitution and decedent's will, which demonstrate[d] that [the movant] [was] decedent's successor in interest").

Ms. Chipman's motion does not provide any evidence that she is a proper "representative or successor" under Rule 25. The Court therefore DENIES her motion (Dkt. 20) without prejudice. She may refile her motion no later than Monday, August 12, 2024, with evidence that she is a "proper party" under Rule 25, such as a sworn declaration explaining why she is a proper party or copies of any documents showing that she is the proper party. If Ms. Chipman does not refile the motion, the Court will dismiss the case without prejudice.

Before Mr. Chipman's death, the Court had set a trial date in this case of November 12, 2024. Dkt. 11. The Court finds that Mr. Chipman's death and the proceedings on substitution have created good cause for continuing the case schedule. The Clerk is therefore directed to

ORDER DENYING MOTION TO SUBSTITUTE AND STRIKING TRIAL DATE - 3

STRIKE the current trial date and all current pretrial deadlines. The Court will set a new case schedule, if necessary, after Ms. Chipman files a new motion to substitute.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 22nd day of July, 2024.

Tiffany M. Cartwright
United States District Judge